IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**CHARLES CURTIS HUNTER,**

        **Petitioner,**

        v.                      CASE NO. 14-3048-SAC

**DOUGLAS COUNTY
DISTRICT COURT, et al.,**

        **Respondents.**

### MEMORANDUM AND ORDER

This action was initiated when Mr. Hunter, a state inmate confined at the Larned State Hospital (LSH), submitted a document entitled "Motion for Evidentiary Hearing" (Doc. 1) and other motions. The court briefly reviewed the filings before docketing, and directed the clerk to file this motion as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 for several reasons.[1] Having considered all the materials submitted by petitioner, the court finds that the petition is deficient in several ways. Mr. Hunter is given time to cure these deficiencies. If he fails to do so within the time prescribed by the court, this action may be dismissed without further notice.

### FILING FEE

---

[1] First, a person cannot file motions in the court unless that person has a pending case. Mr. Hunter had no cases pending in this court when his motions were received. Second, the relief sought by Mr. Hunter is obviously habeas corpus in nature and his claims are challenges to his state conviction.

1

The statutory fee for filing a habeas corpus petition is $5.00. Mr. Hunter has filed a motion to proceed in forma pauperis (Doc. 3) with a "Resident Trust Fund" sheet attached (Doc. 3-1), and an "Affidavit of Financial Status" (Doc. 4) that provides no additional information.[2]  Although it is not clear that the "Resident Trust Fund" statement, which is not certified, or the other two filings comply with the requirements in 28 U.S.C. § 1915,[3] the court grants leave to proceed in forma pauperis based upon petitioner's affidavit and record showing that he has insufficient funds to pay the filing fee at this time.  In doing so, the court accepts as true petitioner's allegation that the "Balance" shown on his account record is "Mandatory Savings."  This grant is subject to change should significantly different financial information come to the court's attention.

**FACTUAL BACKGROUND**

---

[2]  In a letter to the court (Doc. 2) submitted with his initial pleadings, Mr. Hunter asks that he not be charged a filing fee and declares that he is "truly" indigent.  He states that if the court decides to have him "pay for any of these proceedings," his motion is to be returned and his case disregarded.  If this action had been filed as a civil complaint instead of a habeas corpus petition, Mr. Hunter would be obligated to pay the filing fee of $350.00 or $400.00 for filing a civil action over time through automatic payments from his inmate account.

[3]  28 U.S.C. § 1915 requires that a prisoner seeking to bring an action without prepayment of fees submit a motion on court-approved forms that contains an affidavit described in subsection (a)(1), and a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the six-month period immediately preceding the filing" of the action "obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2).

Mr. Hunter does not provide a detailed factual background for this action. The court has gleaned some background information from the Kansas Department of Corrections (KDOC) website (KASPER) that contains information on all KDOC offenders as well as the opinion of the state court in *State v. Hunter*, 41 Kan.App.2d 507, 203 P.3d 23 (Kan.App. 2009). In addition, the court takes judicial notice of the several prior habeas corpus actions filed by Mr. Hunter in this court: *Hunter v. Kansas*, Case No. 92-cv-3136-DES (D.Kan. Apr. 10, 1992)(dismissed without prejudice for failure to state claim); *Hunter v. State of Kansas*, Case No. 92-cv-3181-DES (D.Kan. May 20, 1992)(dismissed as repetitive of prior case); *Hunter v. Kansas*, Case No. 92-cv-3280-DES (D.Kan. Aug. 3, 1992)(dismissed as repetitive of two prior cases); *Hunter v. State of Kansas*, Case No. 94-cv-3497-DES[4] (D.Kan. July 19, 1995)(petition denied); *Hunter v. Douglas County*, Case No. 95-3261-SAC (D.Kan. July 19, 1995).

In 1982, Mr. Hunter was tried and convicted in Douglas County District Court Case No. CR7924 of four counts of rape, two counts of attempted rape, and 7 counts of aggravated burglary. He has been "confined in various correctional facilities" since these offenses were committed in 1978. *State v. Hunter*, 203 P.3d at 25. In his initial pleading, Mr. Hunter alleges that the court set aside his sentence and ordered him committed to the Larned State Security

---

[4] In Case No. 95-3261, the court took "judicial notice of the Answer and Return filed in (94-3497) in which counsel for state respondents detail that petitioner has challenged his conviction through a direct appeal and six motions for post-conviction relief, K.S.A. 60-1507."

3

Hospital "for care and treatment in leu (sic) of imprisonment" but four years later he was "cast into prison." He also alleges that he has been receiving treatment for severe mental illness since 1979 when he was 16 years old, and that this is his tenth admission to LSH.

In 2005 while Mr. Hunter was incarcerated at the Larned State Correctional Facility he was charged with battery of a law enforcement officer as the result of an incident during which he hit a Corrections Officer between the eyes and several times on the head with the metal end of his belt and tried to kick the officer in the head after the officer fell. *State v. Hunter*, 203 P.3d at 25-26. The trial court in that case ordered an "evaluation of competency and mental examination" under Kansas statutes, and following the evaluation found that Hunter was "competent to stand trial." *Id.* at 26. Mr. Hunter's "defense at trial was that he suffered from a mental disease or defect that rendered him incapable to form the requisite intent to commit the crime." *Id*. Mr. Hunter and several mental health professionals testified at his trial. The jury found Hunter guilty of the offense, and he was sentenced in 2007 "to a prison term of 130 months, which was to run consecutive to the prison sentence he was currently serving." *Id.* at 28. The court ordered Hunter "committed to the Larned State Security Hospital for psychiatric care, treatment, and maintenance under K.S.A. 22-3430." *Id.* According to KDOC offender records, Mr. Hunter's "active

4

sentences" are those from 1982 (CR7924) and 2005 (Pawnee County Case No. 05CR120).

**GROUNDS**

Mr. Hunter initially sets forth two grounds for relief in his motion/petition. First, he claims that his court-appointed counsel in state criminal proceedings was ineffective for failing to "put in" a mental defense or for failing to have him plead not guilty by reason of insanity. In support, he alleges that the doctors at LSH diagnosed him with psychosis and mental and emotional disorders. He attaches a medication order form listing his medications for psychosis, mood and depression as well as "Integrated Treatment Plan" from LSH showing a principal diagnosis of Schizophrenia, Paranoid Type and Antisocial Personality Disorder. Second, petitioner alleges that the Douglas County District Court erred in finding him guilty in Case No. 79 CR 24 after he was evaluated by "state doctors for the Douglas County Attorney Office . . . (and) found to be in need of psychiatric treatment." Mr. Hunter states that "in the past years" he has "filed several motions" in the trial court to no avail. He alleges that he is mentally ill and ignorant of court proceedings, and that the court took advantage and kept dismissing his cases for failure to state a claim.

Mr. Hunter also claims that "due to recurring psychosis" affected and "caused by long incarceration," he was denied parole by the Kansas Parole Board.[5]

Petitioner asks the court to order his conviction reversed or to set an evidentiary hearing date to determine if there is reason for a retrial or modification of his sentence, to order his release from the Kansas Department of Corrections, and to vacate/modify his sentence. Petitioner also asks the court to review his "mental evaluation and medical reports" in his criminal case and at LSH, his prison health records, and his parole board records.

**CHALLENGES TO 1982 CONVICTIONS**

The court finds that the motion/petition filed by Mr. Hunter in this case attempting to challenge his 1982 state convictions is defective in that it is not upon court-approved forms, does not clearly state the grounds for relief, does not adequately set forth exhaustion of state court remedies as to each ground, and does not address the obvious threshold issues that the petition appears to be untimely as well as successive.

---

[5] Petitioner exhibits KDOC "Prisoner Review Board Action Notice" dated November 26, 2013. At a hearing on this date at LSH, Mr. Hunter was "passed to December 2016." Reasons given included: "Serious nature/circumstances of crime; History of criminal activities; Objections; The community is exceedingly opposed to the inmate's release; The inmate's current needs are unstable and community resources cannot provide sufficient support to meet those needs and to provide for public safety; The inmate continues to demonstrate high risk despite programmatic interventions to mitigate risk; The inmates inability to function in a less structured environment." Petitioner writes on this Notice that denying him parole due to his having mental illness "may violate (his) human rights."

6

Any challenges that Mr. Hunter may have to either his 1982 convictions or his 2005 conviction may only be raised in federal court by his filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Local court rule requires that Section 2254 petitions be on court-approved forms. Only one criminal case may be challenged in a single 2254 petition. If in fact Mr. Hunter is attempting to challenge his 1982 convictions, as the court believes,[6] then he must submit a 2254 petition upon court forms. The proper forms will be sent to Mr. Hunter. In any 2254 petition submitted upon forms by Mr. Hunter, he must answer all questions to the best of his ability. The court in particular directs Mr. Hunter to carefully answer all questions regarding exhaustion of state court remedies as to each claim, and cautions that his petition may be dismissed if he is attempting to raise claims in federal court that he has not raised in the state courts.

Mr. Hunter is also directed to take particular care in answering the question regarding the timeliness of his petition. It is likely that a challenge to convictions entered in 1982 is barred by the statute of limitations for federal habeas corpus petitions because

---

[6] If Mr. Hunter wants to attack his 2005 conviction or sentence and not his 1982 convictions, then the information he provides in the 2254 forms must pertain to his 2005 conviction only. If he wants to attack his 1982 convictions AND his 2005 conviction, he may not do so in a single action. Instead, he must file a separate 2254 form petition attacking his 2005 conviction, which will be given a different case number and proceed as a separate action.

that limitation period is one year. See 28 U.S.C. § 2244(d)(1).[7] Petitioner baldly claims actual innocence and new evidence, which could have a bearing upon the timeliness question. However, he must state sufficient facts in his form petition to support these bald allegations, or it is likely that this action will be dismissed as time-barred.

In addition, it appears that this petition is "successive" since Mr. Hunter has filed at least one prior 2254 petition in this court that was denied on the merits. If this application is successive, it may be dismissed for lack of jurisdiction given that there is no indication that Mr. Hunter complied with 28 U.S.C. § 2244(b)(3)(A)

---

[7] This statute provides:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

by obtaining preauthorization for its filing from the Tenth Circuit Court of Appeals.[8]

In sum, Mr. Hunter is ordered to submit his challenges to his 1982 convictions upon the court-approved 2254 forms and is given time to comply. If he fails to comply within the time prescribed, this action may be dismissed without further notice.

**CHALLENGE TO DENIAL OF PAROLE**

Mr. Hunter complains regarding the reasons he was given for denial of his parole application.[9] He may not challenge the denial of parole and his state conviction or sentence in a single habeas corpus petition. Instead, he may be able to challenge a denial of parole is by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. A Section 2241 habeas petition must be filed upon court-approved 2241 forms, which are available for free upon request from the clerk. Furthermore, before a state inmate may challenge a decision by a state parole board in federal court, he must have fully exhausted all available administrative remedies,

---

[8] Section 2244(a)(3)(A) provides:

Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

[9] If a state inmate seeks to challenge the procedures utilized by the parole board, rather than the individual decision rendered in his case, and for relief seeks only to have his future applications considered under new procedures, then he must proceed by filing a civil rights complaint.

that is administrative appeals of the parole board's decision as well as all remedies available in the state courts.

**MOTION TO APPOINT COUNSEL**

Petitioner has filed a Motion to Appoint Counsel (Doc. 5). The court finds that appointment of counsel is not warranted at this time due to the likelihood that this action will be dismissed as either successive or untimely. Accordingly, this motion is denied, without prejudice.

**IT IS THEREFORE ORDERED** that petitioner is required to submit his petition for habeas corpus relief upon 2254 forms and to cure all the defects discussed by the court in that form petition.

**IT IS FURTHER ORDERED** that petitioner's motion for leave to proceed in forma pauperis (Doc. 3) is granted, and petitioner's Motion to Appoint Counsel (Doc. 5) is denied without prejudice.

The clerk is directed to send 2254 and 2241 forms to petitioner.

**IT IS SO ORDERED.**

Dated this 16th day of April, 2014, at Topeka, Kansas.

    **s/Sam A. Crow**
    **U. S. Senior District Judge**