IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**CHARLES CURTIS HUNTER,**

                **Petitioner,**

      v.                              CASE NO. 14-3048-SAC

**DOUGLAS COUNTY DISTRICT COURT, et al.,**

                **Respondents.**

### MEMORANDUM AND ORDER

This action was construed as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 because Mr. Hunter is a convicted prisoner seeking release from his current confinement at the Larned State Hospital (LSH) and mainly challenges his state criminal convictions.[1] The court entered a Memorandum and Order on April 16, 2014, in which it found that the motion/petition was deficient in several ways including that it was not upon court-approved forms, did not clearly state grounds for relief, did not adequately set forth exhaustion of state court remedies as to each ground,[2] and did not address the

---

[1] In its screening order, the court noted that Mr. Hunter was convicted in 1982 of four counts of rape, two counts of attempted rape, and seven counts of aggravated burglary. Then in 2005 he was convicted of battery on a law enforcement officer within the institution. In 2007, he was sentenced "to a prison term of 130 months to run consecutive to the prison sentence he was currently serving" for his 1982 convictions.

[2] As noted in the screening order, the initial pleading was entitled "Motion for Evidentiary Hearing" and set forth two grounds for relief: (1) court-appointed counsel was ineffective for failing to "put in" a mental

1

threshold issues that this 2254 petition appears to be untimely as well as successive. Mr. Hunter was given time to cure these deficiencies and warned that his failure to do so within the prescribed time could result in dismissal of this action without further notice.

In response to the court's screening order, Mr. Hunter filed a "Motion for Investigation" (Doc. 7); a one-page "Notice" with attachments also seeking an investigation docketed as his "Supplement" (Doc. 9); a second "Motion for Investigation" (Doc. 10); a one-page "Affidavit" (Doc. 12), and eventually a new Petition for Writ of Habeas Corpus that is upon court-approved 2254 forms[3] followed by a letter to the undersigned judge (Doc. 14).[4]

---

defense or have Mr. Hunter plead not guilty by reason of insanity, and (2) the county court erred in finding petitioner guilty in Case No. 79 CR 24 after he was evaluated by "state doctors . . . (and) found to be in need of psychiatric treatment." Petitioner seemed to assert other claims that were likewise neither clearly stated nor followed with supporting facts or facts showing exhaustion. Mr. Hunter was required to utilize the proper forms in order to plainly delineate all his 2254 claims and to provide the supporting facts as well as show exhaustion.
   Petitioner also complained regarding parole decisions and was advised that such claims must be raised in a separate petition under 28 U.S.C. § 2241 in which exhaustion of administrative and state court remedies is shown. He has correctly omitted his parole claims from his new 2254 petition, which has completely superseded his original petition. Accordingly, his state parole claims are not considered further herein.

[3]   Mr. Hunter has also filed two documents in which he seeks return of his filings and appears to request dismissal of this action. The first was received the same day as his initial Motion for Investigation and was docketed by the clerk as petitioner's second "Motion to Appoint Counsel" (Doc. 8). On this single page with no caption or title, petitioner writes that if the undersigned judge is "unable to secure and order" an investigation to "then please return all original documents" and papers already mailed to the court. He alleges that it is "too confusing for (him) to understand how to adequately fill out the petitions and writs" mailed to

2

Petitioner's bald allegations that the court's 2254 forms were too confusing and that he required assistance of counsel are not sufficient to excuse his non-compliance with court orders. Despite petitioner's complaints, he finally managed to submit a new habeas corpus petition upon forms. The court has examined the new petition and finds that Mr. Hunter has failed to cure substantial deficiencies that were explained to him in the court's prior Memorandum and Order. The court need not discuss all remaining deficiencies however, because it concludes that petitioner's 2254 claims are second and successive and that this action must be dismissed on this ground.

In his new petition, Mr. Hunter responded "No" when asked if he had previously filed any petition in federal court regarding his 1982 conviction. However, as the court judicially noticed in its prior screening order, Mr. Hunter has filed "at

---

him, and that he needs counsel but the court has denied him counsel. A month later, Mr. Hunter submitted correspondence in which he asked the clerk and this court to "disregard (his) case and motions and to please return all (his) documents and papers." He alleged that he was "unable to pay for the proceedings" and "cannot afford court cost" even though his motion to proceed in forma pauperis had already been granted. Petitioner's request for the court to "disregard his case and motions" (Doc. 11) could be treated as his Notice of Voluntary Dismissal. Under Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure, a petitioner may dismiss an action without a court order by filing a notice of dismissal before the opposing party serves a response. No responsive pleading has been required or filed in this case. However, the allegations petitioner makes to support his requests render the requests ambiguous. The court declines to treat these ambiguous filings as Notices of Voluntary Dismissal.

[4] Yesterday, correspondence with no case number or caption was received from Mr. Hunter at the undersigned judge's chambers asking for consideration of his case. All papers pertaining to a case must be sent to the Office of the Clerk. It is not appropriate for a litigant to correspond directly with the judge assigned to his case, and no additional action is warranted or will be taken based upon this correspondence.

least one prior 2254 petition in this court that was denied on the merits." Mr. Hunter has made no attempt to provide contrary evidence in his new petition or other filings.

The court again takes judicial notice of Mr. Hunter's prior cases in this court. In *Hunter v. Kansas*, Case No. 92-3136-DES (Apr. 10, 1992), his challenges to his 1982 convictions and his allegations of innocence and that another, identified only as "the culprit," committed the offenses were dismissed without prejudice. Then, he filed *Hunter v. Kansas*, Case No. 92-3181-DES (D.Kan. May 20, 1992), and *Hunter v. Kansas*, Case 92-3280-DES (D.Kan. Aug. 3, 1992), which were found to be repetitive of Case No. 92-3136 and dismissed. In *Hunter v. Kansas*, Case No. 94-3497-DES (D.Kan. July 19, 1995), the court issued a show cause order, an Answer and Return was submitted along with the state court records including those in Douglas County Case CR 79-24, and the petition was considered and denied. In *Hunter v. Douglas County*, Case No. 95-3261-DES (D.Kan. July 19, 1995), petitioner claimed false imprisonment and argued that he was entitled to release on the basis of new evidence, which he claimed showed that some other person who was under satanic influence committed the offenses of which he was convicted. The court disposed of these claims as follows:

> Petitioner advances the claim that . . . a singer from the rock group "KISS" could verify that petitioner was framed (and) that an individual named Marvin committed

4

> the criminal offenses. . . .[T]he court finds petitioner's allegations are delusional and should be dismissed. . . . [T]he court finds it clear from the face of the petition that petitioner's fantastical claims do not entitle petitioner to habeas corpus relief.

*Id.* at *2.

As Ground One in his new petition,[5] Mr. Hunter claims "Luciferic Psychological Entrapment." The facts he alleges in support of this ground are similar to his bizarre allegations in prior actions. He claims to have newly discovered evidence that he was falsely accused and is falsely imprisoned. In support, he alleges that his confession was misconstrued, and the offenses were actually committed by a "culprit known only" as Marvin who died over 30 years ago. He further alleges that Marvin was identical in appearance to petitioner and their DNA was "mostly" the same, even though Marvin "was made to serve Satan." Petitioner states that he stood mute at trial at the same time as he alleges that he testified at trial about how the devil affected his mind and that the rapes were "committed by Lucifer, the Devil . . . accompanied by Marvin through my

---

[5] As Ground Two, petitioner claims his appointed trial counsel was ineffective for failing to present a defense of not guilty due to a mental defect or insanity, and that the court likely would have ruled in petitioner's favor on such a defense as it is known that he has received treatment for "severe psychosis for over 35 years." Petitioner alleges that he did not raise this issue on direct appeal because he was unable to assess the legal situation and was unaware of processes. He alleges that he raised this claim in state post-conviction motions, a hearing was held, the judge "corrected illegal sentence," and he does not recall if he appealed the denial, "but (he) had legal counsel." Petitioner admits that he did not exhaust on all grounds for relief.

5

person." He also alleges that "due to paranormal activity" he became "mentally deranged." Petitioner claims that the trial court erred by not allowing a "full and thorough investigation." Mr. Hunter petitions this court to conduct a hearing now that he has regained his sanity. He claims it would be a "gross injustice" to allow his current conviction and sentence to stand and asks that his sentence be vacated or overturned and that he be acquitted of all charges for which he is imprisoned.

It does not matter at this juncture whether or not petitioner's claims in his new petition are ones that have already been presented in a prior federal habeas application. It mainly matters that there was a prior petition. A claim "that was presented" in a prior federal application "shall be dismissed." See 28 U.S.C. § 2244(b)(1). A claim "that was not presented in a prior application" may only be reviewed in a second and successive petition after the applicant has moved for and obtained an order from the Tenth Circuit Court of Appeals "authorizing the district court to consider the application."[6] The court finds that the instant habeas corpus application is second and successive and there is no indication that petitioner "complied with 28 U.S.C. § 2244(b)(3)(A) by obtaining preauthorization" from the Tenth Circuit Court of Appeals prior

---

[6] To obtain a preauthorization order, the applicant must show the Circuit Court that the application satisfies the requirements set forth in 28 U.S.C. § 2244(b)(2).

to its filing. As a consequence, this application must be dismissed. 28 U.S.C. § 2244(b)(1) and (2).[7]

The court further finds that in the several responsive filings submitted by Mr. Hunter, he has not cured any of the other significant deficiencies in his initial pleadings. He again fails to clearly delineate all his grounds for relief and follow each with supporting facts as well as facts establishing full and proper exhaustion. He makes some attempt to address the other obvious threshold issue that the petition appears to be untimely.[8] However, his allegations in this regard are mostly conclusory, and his claims of ignorance and lack of knowledge are simply not grounds for equitable tolling. With respect to his allegations that he suffered "severe mental illness" and that "prescribed psychiatric psychotropic medication" affected his thinking, he provides no dates or details as to his conditions or medications and no explanation as to how they actually prevented him from filing a timely petition.

---

[7] This action is dismissed as second and successive rather than as untimely. Nonetheless, based upon all the other reasons for dismissing this action set forth herein and in the court's prior order, including that the petition is not shown to be timely, the court finds that the interests of justice would not be served by the transfer of this matter to the Tenth Circuit for consideration of pre-authorization.

[8] In response to the question regarding timeliness in his new form petition, Mr. Hunter alleges that he "was mentally confused," ignorant, and lacked legal knowledge to adequately present his case. He also alleges that he was suffering from severe mental illness and his prescribed psychotropic medication adversely affected his thinking. Finally, he alleges that he "had to become mentally stable in order to present such petition."

Mr. Hunter's one-page submission which he entitled his "Affidavit" (Doc. 12) and his final "letter" (Doc. 14) are writings that utterly fail to state a legal claim of any type. Therein, petitioner writes that he is "the one," the "Modern Day Prophet of the Most High God," and "The Lord Our Righteousness," among other things. He repeats that his "major witness" disclosing certain information about him and in regards to his case is the "lead singer with . . . KISS." He states that he is "wrongfully incarcerated due to "Luciferic Psychological-Entrapment" and concludes: "WOW . . . You're a Kit Kat but I'm The Cookie." Even though this particular document provides no support whatsoever for a legal claim, Mr. Hunter has attached it or a substantially similar document to five of his responsive filings (Docs. 7, 8, 9, 10, & 13) including his new petition, and has submitted it by itself as his affidavit (Doc. 12) and correspondence (Docs. 13 & 14). This document does nothing to cure the deficiencies in the pleadings filed in this case, and is a frivolous, abusive filing.

Petitioner's second request for appointment of counsel (Doc. 8) is denied because no evidentiary hearing is required on a habeas application to be dismissed as successive.

Rule 11, Rules Governing Section 2254 Cases in the United States District Courts, instructs that "[t]he district court must issue or deny a certificate of appealability when it enters

8

a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing." A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. *Slack v. McDaniel*, 529 U.S. 473 (2000)(citing *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). In addition, when the Court's ruling is based on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. In this case, the Court concludes that a certificate of appealability should not issue. Nothing suggests that the court's procedural ruling resulting in the dismissal of this second and successive petition is debatable or incorrect. The record is devoid of any authority suggesting that the Tenth Circuit Court of Appeals would resolve the issues in this case differently.

**IT IS THEREFORE BY THE COURT ORDERED** that petitioner's Motions and requests for Investigation (Docs. 1, 7, 9 & 10), his

ambiguous requests for dismissal and return of his documents (Docs. 8 & 11), and his Motion to Appoint Counsel (Doc. 8) are denied.

**IT IS FURTHER ORDERED** that this action is dismissed as second and successive and for lack of Circuit Court pre-authorization as well as for the other reasons stated herein and in the court's Memorandum and Order of April 16, 2014.

**IT IS FURTHER ORDERED** that a certificate of appealability is denied.

**IT IS SO ORDERED.**

Dated this 11th day of September, 2014, at Topeka, Kansas.

<u>s/Sam A. Crow</u>
**U. S. Senior District Judge**